# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTALL LYN BUSBEA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01799-BAM<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 25) |

Pending before the Court is Plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 25). Defendant has filed a statement of non-opposition to Plaintiff's motion. (Doc. 27). Having reviewed the motion and its supporting documentation, as well as the case file, the Court **GRANTS** the Motion and awards fees in the amount of $17,750.00.

## I.    Relevant Background

Attorney Lawrence Rohlfing entered into a written contingent fee agreement with Plaintiff on September 26, 2012, which provided that "in consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive 25% of the awarded by the Social Security Administration to the claimant… upon successful completion of the case" (Doc. 25-1).

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

On November 2, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits (Doc. 1). On November 26, 2013, the Court granted the parties' stipulation to remand this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19). On remand, the Commissioner awarded retroactive benefits totaling $98,551.00. (Doc. 25 at 8). The Social Security Administration subsequently notified Plaintiff it was withholding $24,637.75, which is 25% of the total past due benefits to Plaintiff, pending the determination of attorneys' fees.

In the present Motion, Plaintiff's counsel asks the Court to direct the Social Security Commissioner to certify the fee of $17,750.00 for legal fees incurred in this Court. Plaintiff's counsel contends this fee is reasonable because it amounts to less than both the statutory limit and agreed upon amount of 25% of past-due benefits. (Doc. 25 at 6-7); 42 U.S.C. § 406(b). Plaintiff's counsel also claims that the nature of representation, the results achieved and his time spent on the case demonstrate the reasonableness of this fee amount.

## II. Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or

excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. Plaintiff's counsel accepted the risk of loss in the representation and expended a total of 17.75 hours while representing Plaintiff before the District Court. (Doc. 25 at 3). As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. 25). Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. 27). Additionally, there is no indication Mr. Rohlfing performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Mr. Rohlfing are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Doc. 25) is GRANTED.
2. Plaintiff's counsel is awarded $17,750.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b).

3. Plaintiff's counsel shall promptly pay to plaintiff the sum of $2,850.00 that was previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated: **July 26, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE